J-A24015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LEONARD PETER FRIEDER, JR. AND LAURA P. FRIEDER, HIS WIFE | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| ALBERT A. HAZZOURI, JR.<br><br>Appellant | : : : : : : : : | No. 1911 MDA 2017 |
| v. | : : : : | |
| N AND L TRANSPORTATION, LLC. | : | |

Appeal from the Order Entered November 8, 2017
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s):  2014-03711

BEFORE:  OTT, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:　　　　　　　　　**FILED: NOVEMBER 5, 2018**

Albert A. Hazzouri, Jr., appeals the order entered on November 8, 2017, in the Court of Common Pleas of Lackawanna County, ordering him to answer interrogatories regarding his finances, pursuant to a claim for punitive damages set forth in the amended complaint filed by Leonard Peter Frieder, Jr. and Laura P. Frieder, his wife (Frieders).  Because this represents an impermissible interlocutory appeal from a discovery order, we quash.

Relevant to this appeal, the genesis of this dispute is the Frieders' claim Hazzouri's renovations to his property have resulted in harm to the Frieders'

adjoining property. During the course of this litigation, the parties entered into a joint stipulation that Hazzouri would cease earth-moving activities, tree removal and would comply with relevant government regulations, including obtaining permits from the Pennsylvania Department of Environmental Protection (PADEP). This stipulation was incorporated into a court order dated July 2, 2014. However, the Frieders alleged Hazzouri almost immediately violated the order by resuming work on his property. This violation resulted in a finding of contempt against Hazzouri and the imposition of a $10,000.00 fine, payable to the Frieders. The Frieders also filed an amended complaint, incorporating Hazzouri's contemptuous actions and sought punitive damages regarding Hazzouri's willful conduct. The Frieders sought discovery regarding Hazzouri's assets, to which Hazzouri objected. The trial court determined the Frieders had set forth a *prima facie* case supporting punitive damages, denied Hazzouri's objection, and ordered Hazzouri to respond to the financial interrogatories. Hazzouri appealed.

The Frieders now argue the appeal has been taken from a non-appealable interlocutory order while Hazzouri argues the order in question is an appealable collateral order pursuant to Pa.R.A.P. 313.

The general rule is that discovery orders are not final orders for purposes of appellate review,[1] but may be reviewable as a collateral order, if the order is "separable from and collateral to the main cause of action where the right

---

[1] Pursuant to Pa.R.A.P. 341, a final order disposes of all claims of all the parties or is otherwise certified as a final order.

involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." **Kelley v. Pittman**, 150 A.3d 59, 63-64 (Pa. Super. 2016), citing Pa.R.A.P. 393(b). Further,

> An appeal from a discovery order raising a question of the application of a privilege is separable from the underlying issue, so long as the issue of privilege may be addressed by an appellate court without analysis of the underlying issue.

**Kelley**, at 64, *citing* **Ben v. Schwartz**, 729 A.2d 547, 551-52 (Pa. 1999).

Hazzouri does not dispute that punitive damages might, in the future, be at issue. Rather, he argues the trial court's *prima facie* determination is premature. **See** Appellant's Brief at 18. The issue herein is whether the trial court committed an error of law or abused its discretion in determining the Freiders had set forth a *prima facie* case for punitive damages and so required Hazzouri to answer relevant financial discovery. In this matter, punitive damages are associated with the allegedly egregious and/or willfully tortious actions taken by Hazzouri. Although the financial information sought by the Freiders is not itself directly relevant to the underlying claims, this Court cannot rule upon the appropriateness of the trial court's order without analyzing Hazzouri's conduct. Hazzouri's conduct is precisely the underlying issue. Therefore, Hazzouri's argument is not separable from the underlying issue and the order is not an immediately reviewable collateral order. Accordingly, this appeal must be quashed.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/05/2018</u>